IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNE JOHNSON,<br><br>                Petitioner,<br><br>    v.<br><br>ROBERT K. WONG, Acting Warden of California State Prison at San Quentin.<br><br>                Respondent. | NO. C 95-0305 TEH<br><br>ORDER RE PROCEDURAL DEFAULT AND TIMELINESS<br><br><u>DEATH PENALTY CASE</u> |

**INTRODUCTION**

On December 17, 1987, petitioner was convicted by a San Mateo County jury of two counts of first degree murder, Cal. Penal Code § 187, and one count of arson, Cal. Penal Code § 451(b). The jury also found true the multiple murder special circumstance allegation, Cal. Penal Code § 190.2(a)(3). The same jury fixed the penalty at death on February 5, 1988. On October 18, 1993, petitioner's conviction and sentence were affirmed on direct appeal. *See People v. Johnson,* 6 Cal.4th 1 (1993).

Petitioner filed a federal habeas petition on April 22, 1997.[1] On that same day, he also filed his second state habeas petition in the California Supreme Court. On May 2, 1997, respondent filed a motion to dismiss the federal petition on the ground that it contained unexhausted claims. On November 25, 1997, the California Supreme Court denied the second state habeas petition. On November 26, 1997, petitioner filed an amended federal petition in which he incorporated claims from the second state habeas petition.

Respondent originally filed an Answer, a Memorandum of Points and Authorities in Support of Answer and a Motion for Summary Judgment on October 22, 1999. The Motion was denied by the court as premature. After various matters were resolved, petitioner filed a Traverse; respondent subsequently filed a Supplemental Answer, which included briefing on procedural issues and on the merits of petitioner's claims. Among respondent's arguments were assertions that certain of petitioner's claims were procedurally defaulted and that certain of petitioner's claims were untimely filed. Petitioner filed a responsive Memorandum of Points and Authorities in Support of Non-Hearing Claims[2]; respondent subsequently filed, per court request, a supplemental brief.

For the following reasons, the court finds that respondent's motion to dismiss certain of petitioner's claims as procedurally defaulted is DENIED. Respondent's motion to dismiss certain of petitioner's claims as untimely filed is also DENIED.[3]

///

///

---

[1] In *Woodford v. Garceau,* the United States Supreme Court held that the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to all cases in which a petition for a writ of habeas corpus was filed after April 24, 1996, the effective date of AEDPA. 538 U.S. 202, 206-08 (2003). In light of *Garceau*, AEDPA applies to petitioner's habeas petition, which was filed on April 22, 1997.

[2] Petitioner's Memorandum addressed the merits of all of his claims except Claim M, for which he is seeking an evidentiary hearing.

[3] The remainder of petitioner's claims that have been briefed will be addressed in subsequent orders.

2

**ANALYSIS**

**I.      Procedural Default**

    **A.      Legal Standard**

Under the doctrine of procedural default, federal courts will not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  Thus, if petitioner failed to comply with state procedural rules and was barred from litigating a constitutional claim in state court, the claim may be considered on federal habeas only if petitioner shows "cause" for the default and "actual prejudice" from failure to raise the claim, or demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice. *See id.* at 750.

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001), *citing Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983).  A state law ground is interwoven with federal law if application of the state procedural rule requires the state court to resolve a question of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000), *citing Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).  If the state court does not make clear that it is resting its decision on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds. *Calderon v. United States District Court ("Bean")*, 96 F.3d 1126, 1129 (9th Cir. 1996).

For a state procedural rule to be "adequate," it must be clear, well-established and consistently applied. *Id.*  The issue of whether a state procedural rule is adequate to foreclose federal review is itself a federal question. *Douglas v. Alabama*, 380 U.S. 415, 422 (1965).  The adequacy of a state procedural rule must be assessed as of the time when the petitioner committed the default. *Fields v. Calderon*, 125 F.3d 757, 760 (9th Cir. 1997).

3

The burden of proving the adequacy of a state procedural rule lies with the state. *Bennett v. Mueller*, 322 F.3d 573, 585–86 (9th Cir. 2003). Once the state has adequately pled the existence of an independent and adequate procedural ground as a defense, the burden to place that defense at issue shifts to petitioner, who "may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id*. at 586. The ultimate burden of proving adequacy, however, is the state's. *Id.*

### B.  Untimely, Successive or Pretermitted

Respondent contends that numerous of petitioner's claims are barred because they are untimely, successive or pretermitted under *In re Clark*, 5 Cal. 4th 750 (1993) *In re Robbins*, 18 Cal. 4th 770 (1998) and *In re Dixon*, 41 Cal. 2d 756 (1953). Specifically, he argues that all or portions of Claims A, B, D, N, O, P, Q, R, T, U, W, X and Z are barred, and he maintains that California's untimely, successive and pretermitted rules constitute independent and adequate procedural bars prohibiting federal review of these claims.

#### 1.  Independence

"For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (brackets in original)). To determine whether a state court decision is independent of federal law, a federal court must examine the decision itself in which the state court invoked the procedural bar, not other state court decisions issued at or prior to the time that the purported procedural defaults occurred. *See, e.g., Park*, 202 F.3d at 1151-52; *Bennett*, 322 F.3d at 582-83; *La Crosse*, 244 F.3d at 707. In 1998 the California Supreme Court declared that it

4

would no longer consider federal law when denying a habeas claim as procedurally barred, with one exception not at issue here. *In re Robbins*, 959 P.2d 311, 338-41 (Cal. 1998).

The United States Court of Appeals for the Ninth Circuit has stated that:

> we respect the California Supreme Court's sovereign right to interpret its state constitution independent of the federal law.  Applying Robbins prospectively, we [conclude] that the California Supreme Court's post-Robbins denial of [a] state petition for lack of diligence (untimeliness) was not interwoven with federal law and therefore is an independent procedural ground.

*Bennett*, 322 F.3d at 582-83.  The same analysis has been applied to the successive and pretermitted procedural bars.  *See Dennis v. Brown*, 361 F. Supp. 1124, 1127-1128 (N.D. Cal. 2005) (citing cases).  Thus, the court finds that the untimeliness, successive and pretermitted bars are independent.

### 2. Adequacy

"Adequacy" in the context of the procedural default doctrine has two primary applications.  First, "if a state procedural rule frustrates the exercise of a federal right, that rule is 'inadequate' to preclude federal courts from reviewing the merits of the federal claim."  *Hoffman v. Arave*, 236 F.3d 523, 531 (9th Cir. 2001).  The test for whether a state procedural rule frustrates the assertion of a federal right is "whether the defendant has had a reasonable opportunity to have the issue as to the claimed right heard and determined by the State court."  *Michel v. Louisiana*, 350 U.S. 91, 93 (1955) (internal quotation marks and citations omitted).

Second, to be "adequate" the state procedural bar cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default."  *Calderon v. U.S. Dist. Ct. (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotation marks and citations omitted).  A federal court "should not insist upon a petitioner, as a procedural prerequisite to obtaining federal relief, complying with a rule the state itself does not consistently enforce."  *Siripongs v. Calderon*, 35 F.3d 1308, 1318 (9th Cir. 1994).  Nor should a federal court enforce a bar grounded in a rule that is unclear or uncertain.  *See Morales v. Calderon*, 85 F.3d 1387, 1390-93 (9th Cir. 1996).  The

1  question of whether a state court has regularly and consistently applied a rule giving rise to a
2  procedural default is determined at the time the purported default occurred and not when actually
3  applied to bar a claim. *Fields v. Calderon*, 125 F.3d 757, 760-61 (9th Cir. 1997).

4  The untimely, successive and pretermitted bars "were not firmly established and consistently
5  applied at least prior to 1993." *Cooper v. Calderon*, 255 F.3d 1104, 1111 (9th Cir. 2001); *Fields*,
6  125 F.3d at 765. The California Supreme Court so noted when it stated its procedural rules in *Clark*
7  on July 29, 1993. 855 P.2d at 737 ("no clear guidelines have emerged in our past cases"); *id.* at 740
8  ("procedural bars to habeas corpus relief have been termed 'discretionary'" by Cal. Sup. Ct.).

9  In determining whether the untimely, successive and pretermitted bars were adequate after
10 1993, a published decision from this District is strongly persuasive. In *Dennis,* Judge Fogel
11 extensively analyzed the existing law on the untimely, successive and pretermitted bars in California
12 and concluded that they was inadequate. 361 F. Supp. at 1130-1135. Given the applicable caselaw,
13 this court must arrive at the same conclusion. *See*, *e.g.*, *Bennett v. Mueller*, 322 F.3d 573, 585-86
14 (9th Cir. 2003) (holding that respondent bears "burden of proving the adequacy of the California state
15 bar."). Accordingly, respondent's motion to dismiss all or portions of Claims A, B, D, N, O, P, Q,
16 R, T, U, W, X and Z on untimely, successive or pretermitted grounds is DENIED.

### C. Contemporaneous Objection

Respondent also alleges that all or portions of Claims B and R are barred from federal review
due to petitioner's failure to raise a contemporaneous objection at trial. California law has long
required a defendant to make a timely and specific objection at trial in order to preserve a claim for
appellate review. See, e.g. Cal. Evid. Code § 353; *People v. Ramos*, 15 Cal. 4th 1133, 1171 (1997).
The United States Supreme Court has acknowledged that a state court's application of the
contemporaneous objection rule may constitute grounds for default. See *Wainwright v Sykes*, 433
U.S 72, 87 (1977). The Ninth Circuit has honored defaults for failure to comply with the
contemporaneous objection rule. See *Vansickel v. White*, 166 F.3d 953, 957-958 (9th Cir. 1999).

Although the contemporaneous objection rule has been found to be independent and adequate, respondent's argument that these claims are procedurally defaulted must fail. The Ninth Circuit has held that "'a procedural default based on an ambiguous order that does not clearly rest on independent and adequate state grounds is not sufficient to preclude federal collateral review.'" *Calderon v. United States District Court ("Bean")*, 96 F. 3d 1126, 1131 (9th Cir. 1996) (citing *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir. 1996). Here, while respondent argues that petitioner did not make a proper objection to the alleged errors at trial, respondent does not demonstrate that the state courts unambiguously rejected all or part of either of these claims on contemporaneous objection grounds.

Petitioner raised his Claim B, alleging that evidence of an experiment on telephone wire was unreliable, in his second state habeas petition; according to respondent, petitioner failed to lodge a contemporaneous objection to this evidence at trial. Respondent states that the California Supreme Court rejected this claim on timeliness grounds and on the merits, but does not demonstrate that the state court rejected this claim due to lack of a contemporaneous objection.[4]

Similarly, petitioner raised his Claim R, alleging prosecutorial misconduct, in his second state habeas petition. The California Supreme Court found this claim to be procedurally barred on the grounds that it was untimely and could have been raised on direct appeal. Exh. 157. Respondent maintains that petitioner did not object to the alleged misconduct at trial, thereby rendering this claim barred due to petitioner's failure to raise a contemporaneous objection, but respondent does not demonstrate that the state courts unambiguously rejected this claim on contemporaneous objection grounds. *See Calderon*, 96 F.3d at 1131; *see also Siripongs v. Calderon*, 35 F. 3d 1308,

---

[4] On direct appeal, petitioner raised this claim solely as one of ineffective assistance of counsel. *People v. Johnson*, 6 Cal. 4th 1, 34-35 (1993). The state court noted that defense counsel had made no objection to the wire testimony at trial, but did not find that the claim as currently construed was barred due to lack of a timely objection.

7

1316-1317 (9th Cir. 1994) (stating that claim cannot be barred from federal review unless "the state court makes clear that it is resting its decision on an independent and adequate state ground").

Respondent has not demonstrated that the state court unambiguously rejected all or parts of Claims B and R on contemporaneous objection grounds. Accordingly, his motion to dismiss these claims on procedural default grounds is denied.

**II.     Claims T, U and AA**

Petitioner included Claims T, U and AA in his first petition, filed on April 22, 1997.[5] After this court found certain allegations in support of those claims to be unexhausted, petitioner presented the claims to the California Supreme Court. After the claims were exhausted, petitioner sought leave to amend his petition to include the newly exhausted claims; his motion for leave to amend was granted. Respondent now argues that these claims are barred by AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(1), which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

Respondent is incorrect. As the United States Supreme Court confirmed in *Artuz v. Bennett*, 531 U.S.4, 9 (2000), an "application" under section 2244(d)(1) means an application for a writ of habeas corpus, not individual claims for relief. Petitioner filed his "application" on April 22, 1997, and this court has retained jurisdiction over the matter since that time. The original petition was never dismissed by petitioner or the court; rather it was amended twice, once as a matter of right and once by leave of court.

Petitioner's amendments also satisfy the requirements of Rule 15 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus . . .

---

[5] Respondent does not argue that the original petition was not timely filed pursuant to 28 U.S.C. § 2244(d)(1).

8

to the extent that the practice in those proceedings . . . is not specified [elsewhere] . . . and has previously conformed to the practice in civil actions.  Fed. R. Civ. P. 81(a)(4); *see also* Rule 11 of Rules Governing Section 2254 Cases in the United States District Courts ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").  The federal habeas statute states that a federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Rule 15 of the Federal Rules of Civil Procedure governs amendments to civil actions.  Rule 15(c), which sets forth the "relation back" doctrine at issue herein, states in relevant part:

> **c) Relation Back of Amendments.**
>> **(1) *When an Amendment Relates Back*.** An amendment to a pleading relates back to the date of the original pleading when:
>>> **(A)** the law that provides the applicable statute of limitations allows relation back;
>>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading; . . .

Fed. R. Civ. P. 15(c).

When proposed claims in an amendment are barred by the statute of limitations, Fed. R. Civ. P. 15(c) provides for the relation back of claims to the original pleading if the claims asserted in the amended pleading arise out of the conduct, transaction or occurrence set forth in the original pleading.  In *Mayle v Felix*, 545 U.S. 644, 664 (2005), the United States Supreme Court held that "so long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."

Based on the foregoing legal principles, the court now holds that the amended petition, including Claims T, U and AA,  relates back to the date of the original petition, and is, therefore, timely.  As stated *supra*, the federal habeas statute specifically provides that a federal habeas petition "may be amended  . . .  as provided in the rules of procedure applicable to civil actions,"  28

9

U.S.C. § 2242, and Federal Rule of Civil Procedure 15 governs such amendments. *See Bonin v. Calderon*, 59 F.3d 815, 845-46 (9th Cir. 1995) (assuming that Rule 15 applies to federal habeas petitions and expressly stating that the strong policy in Rule 15(a) of liberally allowing amendments applies with equal force to federal habeas petitions). The amended petition satisfies the requirements of the relation back doctrine in Rule 15(c)(2) because the claims asserted in the amended petition arose out of the same "conduct, transaction, or occurrences" set forth in the original petition: namely, petitioner's state conviction and death sentence.

The Ninth Circuit has refused to apply the "relation back" doctrine on federal habeas when the original petition had been dismissed for lack of exhaustion because, in that situation, there was no longer a petition to which the amended petition could relate back or amend. *See Van Tran v. Lindsey*, 212 F.3d 1143, 1148 (9th Cir. 2000); *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999); *compare Miller v. Laird*, 464 F.2d 533, 534 (9th Cir. 1972) (relating filing of second amended petition back to original petition since original petition had not been dismissed and action was still pending). Here, as in *Miller*, the original petition was never dismissed and petitioner's federal habeas action has remained pending since the filing of the original petition. Accordingly, the court finds that the amended petition relates back to the date of the original petition and is, therefore, timely.

*///*
*///*
*///*
*///*
*///*
*///*
*///*
*///*

10

///

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss all or portions of Claims A, B, D, N, O, P, Q, R, T, U, W, X and Z as untimely, successive or pretermitted is DENIED. Respondent's motion to dismiss all or portions of Claims B and R for failure to assert a contemporaneous objection is DENIED. Respondent's motion to dismiss Claims T, U and AA as untimely filed in federal court is DENIED.

IT IS SO ORDERED.

DATED: 04/06/09

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE