**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAVERNE JOHNSON,

    Petitioner,

v.

MICHAEL MARTEL, Acting Warden of California State Prison at San Quentin,

    Respondent.

NO. C 95-0305 TEH

ORDER RE SUPPLEMENTAL BRIEFING

<u>DEATH PENALTY CASE</u>

    On December 17, 1987, petitioner was convicted by a San Mateo County jury of two counts of first degree murder, Cal. Penal Code § 187, and one count of arson, Cal. Penal Code § 451(b). The jury also found true the multiple murder special circumstance allegation, Cal. Penal Code § 190.2(a)(3). The same jury fixed the penalty at death on February 5, 1988. On October 18, 1993, petitioner's conviction and sentence were affirmed on direct appeal. *See People v. Johnson,* 6 Cal.4th 1 (1993).

Petitioner filed a habeas petition on April 22, 1997.[1] On that same day, he also filed his second state habeas petition in the California Supreme Court. On May 2, 1997, respondent filed a motion to dismiss the federal petition on the ground that it contained unexhausted claims. On November 25, 1997, the California Supreme Court denied the second state habeas petition. Petitioner subsequently filed an amended federal petition in which he incorporated claims from the second state habeas petition.

Respondent originally filed an Answer, a Memorandum of Points and Authorities in Support of Answer and a Motion for Summary Judgment on October 22, 1999. The Motion was denied by the court as premature. After various matters were resolved, petitioner filed a Traverse; respondent subsequently filed a Supplemental Answer, which included briefing on procedural issues and on the merits of petitioner's claims. Petitioner filed a responsive Memorandum of Points and Authorities in Support of Non-Hearing Claims[2]; respondent subsequently filed, per court request, a supplemental brief. This court has previously issued an Order resolving respondent's claims of procedural default and untimely filing. Most recently, this court issued an Order denying Claims F, G, H, I, J, K, L and W.

Before resolving the remaining claims, the court requests supplemental briefing from the parties. This briefing should be limited to the impact, if any, of recent caselaw[3] regarding the remaining claims in petitioner's amended federal petition. The court also orders the parties to

---

[1] In *Woodford v. Garceau,* the United States Supreme Court held that the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to all cases in which a petition for a writ of habeas corpus was filed after April 24, 1996, the effective date of AEDPA. 538 U.S. 202, 206-08 (2003). In light of *Garceau*, AEDPA applies to petitioner's habeas petition, which was filed on April 22, 1997.

[2] Petitioner's Memorandum addressed the merits of all of his claims except Claim M, for which he is seeking an evidentiary hearing.

[3] By this, the court means relevant caselaw filed since the parties briefed the remaining claims. No additional briefing on already decided claims will be entertained at this juncture.

2

address the impact on the standard of review, if any, of *Harrington v. Richter*, 131 S. Ct. 770 (2011).

Petitioner should file his supplemental brief within sixty days of the date of this order. Respondent should file a response to petitioner's brief within thirty days of petitioner's brief. Petitioner should file any reply within fifteen days of respondent's brief.

IT IS SO ORDERED.

DATED: 03/11/2011

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

3