**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11

12   LAVERNE JOHNSON,                                NO. C 95-0305 TEH

13                          Petitioner,              ORDER RE PROCEDURAL
                                                     DEFAULT
14                 v.
                                                     **DEATH PENALTY CASE**
15   KEVIN CHAPPELL, Warden of
     California State Prison at San Quentin,
16
                           Respondent.
17

18

19                                **INTRODUCTION**

20          On December 17, 1987, petitioner was convicted by a San Mateo County jury of two counts

21   of first degree murder, Cal. Penal Code § 187, and one count of arson, Cal. Penal Code § 451(b).

22   The jury also found true the multiple murder special circumstance allegation, Cal. Penal Code §

23   190.2(a)(3).  The same jury fixed the penalty at death on February 5, 1988.  On October 18, 1993,

24   petitioner's conviction and sentence were affirmed on direct appeal. *See People v. Johnson,* 6

25   Cal.4th 1 (1993).

26

27

28

United States District Court

For the Northern District of California

1    Petitioner filed a habeas petition on April 22, 1997.[1]  On that same day, he also filed his

2  second state habeas petition in the California Supreme Court.  On May 2, 1997, respondent filed a

3  motion to dismiss the federal petition on the ground that it contained unexhausted claims.  On

4  November 25, 1997, the California Supreme Court denied the second state habeas petition.  On

5  November 26, 1997, petitioner filed an amended federal petition in which he incorporated claims

6
   from the second state habeas petition.

7

8    Respondent originally filed an Answer, a Memorandum of Points and Authorities in Support

9  of Answer and a Motion for Summary Judgment on October 22, 1999.  The Motion was denied by

10  the court as premature.  After various matters were resolved, petitioner filed a Traverse; respondent

11  subsequently filed a Supplemental Answer, which included briefing on procedural issues and on the

12  merits of petitioner's claims. Petitioner filed a responsive Memorandum of Points and Authorities in

13  Support of Non-Hearing Claims; respondent subsequently filed, per court request, a supplemental

14  brief.[2]

15

16    The Court has previously found that Claims B, D, N, O, Q and R were not procedurally

17  defaulted, and thus were suitable for disposition on the merits.  Respondent now maintains that an

   intervening change in the law, specifically the United States Supreme Court's decision in *Walker v.*
18
   *Martin*, 131 S. Ct. 1120 (2011), calls the Court's earlier findings on procedural default into question.
19
   The Court will construe respondent's argument as a motion for reconsideration.  For the following
20
21  reasons, respondent's motion to reconsider the Court's earlier findings regarding procedural default is

22  DENIED.

23

24

25    [1] In *Woodford v. Garceau,* the United States Supreme Court held that the provisions of the
   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to all cases in which a
   petition for a writ of habeas corpus was filed after April 24, 1996, the effective date of AEDPA.  538
26  U.S. 202, 206-08 (2003).  In light of *Garceau*, AEDPA applies to petitioner's habeas petition, which
   was filed on April 22, 1997.
27
    [2] Claims F, G, H, I, J, K, L and W have already been denied by the Court on the merits.  The
28  remainder of petitioner's claims that have been briefed will be addressed in subsequent orders.

2

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STANDARD OF REVIEW**

Under the doctrine of procedural default, federal courts will not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  The doctrine of procedural default is a specific application of the general doctrine as to adequate and independent state grounds. *Fields v. Calderon*, 125 F. 3d 757, 762 (9th Cir. 1997).  It bars a federal court from granting relief on a claim when a state court declined to address the claim because the petitioner failed to meet a state procedural requirement. *Id*.

In the habeas context, the procedural default doctrine furthers the interests of comity and federalism. *Coleman*, 501 U.S. at 730.  It helps ensure that the state criminal trial remains the "main event" rather than a "tryout on the road" for a later federal habeas proceeding. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977).

Procedural default analysis proceeds in two steps.  First, the court must determine whether the procedural rule the state court invoked to bar the claim is both "independent" and "adequate" to preclude federal review. "For a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001), *citing Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983).  A state law ground is interwoven with federal law in those cases where application of the state procedural rule requires the state court to resolve a question of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000), *citing Ake v. Oklahoma*, 470 U.S. 68, 75 (1985).  If the state court does not make clear that it is resting its decision on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds. *Calderon v. United States District Court ("Bean")*, 96 F.3d 1126, 1129 (9th Cir. 1996).  In 1998, the Supreme Court of California made clear that it would no longer consider federal law when denying a habeas claim as procedurally barred on grounds of

3

United States District Court
For the Northern District of California

untimeliness, except when applying an exception where petitioner was convicted or sentenced pursuant to an invalid statute. *In re Robbins*, 18 Cal. 4th 770, 811-12 (1998).

For a state procedural rule to be "adequate," it must be clear, well-established and consistently applied. *Bean*, 96 F.3d at 1129. The issue of whether a state procedural rule is adequate to foreclose federal review is itself a federal question. *Douglas v. Alabama*, 380 U.S. 415, 422 (1965). The adequacy of a state procedural rule must be assessed as of the time when the petitioner committed the default. *Fields*, 125 F.3d at 760.

## ANALYSIS

This Court previously denied respondent's motion to dismiss Claims B, D, N, O, Q and R as procedurally defaulted based on the California Supreme Court's denial of those claims on untimeliness grounds. Respondent now asks the Court to reconsider that order, and find those claims defaulted due to an intervening change in the law, specifically the United States Supreme Court's decision in *Walker v. Martin*, 131 S. Ct. 1120 (2011).

"California does not employ fixed statutory deadlines to determine the timeliness of a state prisoner's petition for habeas corpus. Instead, California directs petitioners to file known claims as promptly as the circumstances allow." *Martin*, 131 S. Ct. 1124 (internal quotations omitted.) In order to avoid the bar of untimeliness, a petitioner must establish "I) absence of substantial delay, ii) good cause for the delay, or iii) that the claim falls within an exception to the bar of untimeliness." *Robbins*, 18 Cal. 4th at 780. Under the California Supreme Court Policies Regarding Cases Arising From Judgments Of Death ("Policies"), a habeas corpus petition is presumed to be filed without substantial delay if it is filed within 180 days from the due date of the reply brief on direct appeal, or within 36 months after the appointment of habeas counsel, whichever is later.

Several leading decisions influence the analysis of untimeliness defaults. In 1993, the California Supreme Court decided *Clark*, 5 Cal. 4th 750, clarifying the law regarding untimeliness. Prior to at least 1993, the untimeliness bar was not firmly established or consistently applied, and

4

was therefore found to be inadequate to bar federal review.  *Fields*, 125 F. 3d 763-64.  In 1998, the

California Supreme Court decided *Robbins*, declaring that it would no longer consider federal law

when denying a habeas claim as procedurally barred for untimeliness, and thus establishing the

independence of California's untimeliness bar.  18 Cal. 4th at 811-12.  Even for defaults occurring

after *Clark* and *Robbins*, however, District Courts within the Ninth Circuit held that California's

timeliness bar was inadequate because it was applied inconsistently consistently.  *See*, *e.g.*, *Dennis v.*

*Brown*, 361 F. Supp. 2d 1124, 1130-34 (N.D. Cal. 2005).

In *Martin*, which was an appeal from a Ninth Circuit decision, the United States Supreme

Court created an intervening change in controlling law by holding that California's timeliness rule,

as "framed . . . for habeas petitioners in a trilogy of cases" is adequate to bar federal habeas review.

131 S. Ct. at 1131.  Specifically, the Court held that after *Robbins*, *Clark* and *In re Gallegos*, 18 Cal.

4th 825 (1998), California's untimeliness bar was both independent and adequate, and thus sufficient

to trigger a procedural bar to federal habeas review.

Petitioner contends that *Martin* does not bar review of his claims because, even under

*Martin*,  the untimeliness rule was inadequate at the time that his particular untimeliness defaults

occurred.  He contends that his defaults occurred before the *Clark* decision, prior to which the

untimeliness rule was inadequate, and certainly before the *Robbins* decision, prior to which the

untimeliness rule was not independent of federal law.

The application of the untimeliness bar is tethered to the date on which the relevant habeas

petition is filed.  *See Calderon v. United States Dist. Court for the Eastern Dist. of California*

*("Hayes")*, 103 F.3d 72, 75 (9th Cir. 1996) (adequacy of timeliness standards measured as of date

first state habeas petition was filed); *Bean*, 96 F.3d at 1131; *Bennett v. Mueller*, 322 F.3d 573, 579

(9th Circuit 2003) (citing cases sharing the common theme that "when the habeas proceeding has

been initiated before the *Clark/Robbins* decisions were announced, the untimeliness rule cannot

stand as an independent and adequate state ground barring federal review.")   The time of any

**United States District Court**

For the Northern District of California

1    alleged default is when petitioner first had the opportunity to raise the claims at issue, yet failed to

2    do so. *See, e.g. Hayes*, 103 F. 3d at 75.

3        In this case, petitioner's defaults occurred on April 15, 1993, when he filed his first state

4    habeas petition.  The *Clark* decision was issued subsequently, on July 19, 1993.  The Ninth Circuit

5    has held that California's untimeliness rule cannot preclude federal review where the default

6    occurred before the issuance of *Clark. See Morales v. Calderon*, 85 F. 3d 1387 (9th Cir. 1996).

7    Furthermore, the California Supreme Court did not hold until the *Robbins* decision in 1998 that

8    California's timeliness bar was independent.  Because *Martin* confirmed that *Robbins, Clark* and

9    *Gallegos* set the independence and adequacy of the California timeliness requirement, nothing in

10   that opinion calls into question the Ninth Circuit law holding that pre-*Clark* defaults such as

11   etitioner's do not bar federal review.  District courts considering *Martin* have so confirmed. *See*,

12   *e.g.*, *Branner v. Chappell*, No. C-90-3219 DLJ, 2014 WL 582811, at \*4 (N.D. Cal. Feb. 13, 2014

13   (finding that, because petitioner's defaults occurred in 2000, "long after *Clark* and *Robbins* were

14   decided", the holding of *Martin* confirmed that "California's untimeliness default was both

15   independent and adequate to bar federal review."); *Clark v. McEwen*, No. 10-CV-02149 AJB, 2012

16   WL 1205509, at \*14 (S.D. Cal. Feb. 28, 2012) (concluding that in *Martin*, "[t]he Supreme Court

17   examined California's time bar in 2002 and proximate years and concluded that as of that time, the

18   rule was consistently applied.").

19       Despite the clear authority that petitioner's pre-*Clark* and pre-*Robbins* defaulted claims are

20   not barred from federal review, respondent nonetheless requests that the Court find Claims B, D, N,

21   O, Q and R defaulted.  As the foregoing discussion confirms, however, the *Martin* decision –

22   focused on the adequacy of California's timeliness bar after *Clark*, *Robbins* and *Gallegos* – did not

23   hold that all defaulted claims were barred from federal review, regardless of when the default

24   occurred.  Even the California Supreme Court recognized that prior to its decision in *Clark*, "no

25   clear guidelines [regarding timeliness] have emerged in our past cases." *Clark*, 5 Cal. 4th at 763; *see*

*also Morales*, 85 F. 3d at 1393 (holding that "the California Supreme Court's timeliness rule, . . .

before its further elucidation in *Clark*, did not afford an adequate and independent state ground

barring federal review").

Because petitioner's defaults occurred prior to the *Clark* decision in 1993 and the *Robbins*

decision in 1998, respondent's argument that the decision finding petitioner's untimely claims not

defaulted for the purposes of federal review must be reconsidered in light of *Martin* is without merit.

Respondent's motion to reconsider findings on procedural default is therefore DENIED.

### CONCLUSION

For the foregoing reasons, respondent's motion to reconsider findings on procedural default

is DENIED.  Thus, Claims  B, D, N, O, Q and R may be considered on the merits on federal habeas

review.

IT IS SO ORDERED.

Dated: 05/12/2014

_____
THELTON E. HENDERSON
United States District Judge

United States District Court
For the Northern District of California

7