UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNE JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Warden at San Quentin State Prison<br><br>    Respondent. | Case No. 95-cv-00305-WHO<br><br>**ORDER GRANTING STAY** |

## INTRODUCTION

Petitioner Laverne Johnson has filed a motion requesting a stay of his federal habeas proceedings pending his exhaustion of claims M, AA and BB in state court. The Hon. Thelton E. Henderson, to whom this case was previously assigned, deferred ruling on these claims pending the resolution of similar claims raised by Troy Ashmus in *Ashmus v. Broomfield*, C-93-0594 (N.D. Cal. 2014). Ashmus died in 2020 and his federal habeas petition was dismissed. Petitioner would now like to pursue claims M, AA and BB in state court. Respondent opposes his request. Because good cause exists for petitioner's failure to exhaust at least one of his claims, there is potential merit to his claims challenging California's death penalty statute, and he has not been dilatory, I will grant the stay.

## BACKGROUND

Petitioner was convicted and sentenced to death by San Mateo County Superior Court in 1988 for the murder of Maria Victoria Holmes and Luisa Anna Castro. The California Supreme Court affirmed his conviction and sentence in 1993. *People v. Johnson*, 6 Cal. 4th 1 (1993).

Petitioner filed his first federal habeas petition on April 22, 1997. Following exhaustion

and amendment proceedings, petitioner filed his second amended petition on May 25, 2001. ECF Dkt. No. 184. All of petitioner's claims, with the exception of claims M, AA, BB, N, X, Z and DD, have been resolved.

Claim M challenges the constitutionality of California's death penalty statute, alleging that the statute fails to narrow the class of defendants eligible for the death penalty. Claim AA alleges that California's death penalty statute is unconstitutional because it fails to instruct the jury on the penalty phase burden of proof, fails to require that the jury base any death sentence on written findings regarding aggravating factors, and fails to designate which factors are mitigating and which are aggravating. Claim BB challenges the adequacy of the California Supreme Court's review of capital cases.

Evidence developed in the *Ashmus* litigation is relevant to petitioner's claims. In *Ashmus*, an evidentiary hearing was held before Judge Thelton E. Henderson in 2010. Similarly to petitioner, Ashmus alleged that California's statute fails to adequately narrow the category of offenders eligible to be sentenced to death. At his evidentiary hearing, Ashmus presented testimony and studies from a variety of experts, including Donald Heller, Gerald Uelmen, Steven F. Schatz, David C. Baldus and George Woodworth. Following the hearing, in light of *Cullen v. Pinholster*, 563 U.S. 170 (2011), Ashmus' federal proceedings were stayed so that he could present the evidence presented at his federal evidentiary hearing in state court. Under *Pinholster*, federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Id*. at 181.

Ashmus raised his narrowing claim in San Mateo County Superior Court in a successive petition and was awaiting a ruling when he died in 2020. Upon motion by Ashmus' counsel, the state court adjudicated Ashmus' claim under a public interest exception to mootness. *Ashmus*, C-93-0594, ECF Dkt. 254, Ex. A at 8. The state court proceeded to reject Ashmus' narrowing claim on successiveness grounds because Ashmus had already raised it in a prior petition, but granted a certificate of appealability in relation to it on the grounds that petitioner had shown substantial grounds for relief. *Id*. at 17. The California Court of Appeals dismissed Ashmus' claim on mootness grounds due to his death. *Id*., Ex. B.

Petitioner asserts that the empirical evidence developed in the *Ashmus* litigation casts his claims in a whole new light and provides strong evidence that California's death penalty scheme fails to narrow the class of offenders eligible for the death penalty. He seeks a stay of his federal proceedings to present the *Ashmus* evidence in support of his claims in state court.

Petitioner has also filed supplemental briefing on claims N and X. Respondent requests that should petitioner's motion for a stay be granted, the entirety of the matter be stayed in order to avoid additional briefing that might become obsolete as a result of the stay.

**DISCUSSION**

A federal court may not grant habeas relief until a petitioner has exhausted available state remedies with respect to each claim. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 272 (1971). A federal constitutional claim is exhausted when it has been "fairly presented" to the highest state court and that court has had a meaningful opportunity to apply controlling legal principles to the facts underlying the claim. *Picard*, 404 U.S. at 276-77. The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition containing both exhausted and unexhausted claims so that the petitioner may exhaust his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). A district court must stay a mixed petition if: (1) the petitioner has good cause for his failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id*. at 278.

**A. Good Cause**

The Supreme Court has not precisely defined what constitutes "good cause" for a *Rhines* stay. *See Blake v. Baker*, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit Court of Appeals has found that good cause does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. *Blake*, 745 F.3d at 982. In other words, "[t]he good cause element is the equitable component of the *Rhines* test." *Id*.

3

Petitioner asserts that he has demonstrated good cause for failure to exhaust because his claims are supported by new evidence developed in the *Ashmus* case. He asserts that exhausting these claims earlier would have resulted in duplicative litigation. As noted above, Judge Henderson deferred ruling on petitioner's claims pending the resolution of similar claims in Ashmus' case in state court. *Ashmus*, C-93-0594, ECF Dkt. No. 236. Because the outcome of the *Ashmus* litigation would dictate the outcome of petitioner's claims, the expenditure of resources to exhaust petitioner's claims in state court prior to the conclusion of the *Ashmus* proceedings would have made little sense. Accordingly, petitioner has demonstrated good cause for failure to exhaust his claims.

### B.   Potential Merit

Under the second prong of the *Rhines* test, it would be an abuse of discretion to stay federal habeas corpus proceedings pending exhaustion of a "plainly meritless" claim. *Rhines*, 544 U.S. at 277. "This rule has been interpreted to mean that a stay is appropriate as long as at least one claim is not plainly meritless." *Davis v. Davis*, Civ. No. 3:13-cv-0408-EMC, 2015 WL 4512309, at *4 (N.D. Cal. July 24, 2015) (citing *Petrosky v. Palmer*, No. 3-10-cv-0361, 2013 WL 5278736, at *5 (D. Nev. Sept. 16, 2013)). *See also Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) ("A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*"). The standard for judging whether a claim is "plainly meritless" for *Rhines* purposes is lenient. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon*, 847 F.3d at 722 (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). In other words, a federal court may forego a *Rhines* stay and proceed to deny an unexhausted claim on the merits "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett*, 406 F.3d at 623-24 (emphasis added). A claim is "colorable" when the petitioner has "alleged specific facts that, if true, would entitle him to relief." *Tilcock v. Budge*, 538 F.3d 1138, 1145-46 (9th Cir. 2008).

Here, petitioner's claims challenging the constitutionality of California's death penalty statute are not plainly meritless. When *Ashmus*' federal proceedings were stayed, his claims,

4

which mirror petitioner's claims, were deemed "potentially meritorious." *Ashmus*, C-93-0594, ECF Dkt. No. 516. Indeed, upon his return to state court, Ashmus obtained a certificate of appealability on his narrowing claim. The state court recognized that Ashmus had demonstrated a substantial claim for relief and that "reasonable minds might differ" whether his empirical evidence renders the statute unconstitutional. ECF Dkt. No. 254, Ex. A at 16. At least claim M, petitioner's narrowing claim, is not plainly meritless. As noted above, one potentially meritorious claim suffices for a stay. *Dixon*, 847 F.3d at 722.

Respondent contends that returning to state court will be futile because petitioner has raised his narrowing claim in prior state habeas petitions and the state court will therefore deny his petition as successive under Cal. Penal Code § 1509(d). Petitioner counters that that his narrowing claim, if successful, would make him ineligible for the death penalty, overcoming the state bar to successive petitions. At this stage, respondent's assertion that the state court will deny petitioner's petition remains speculative. The exhaustion requirement will not be excused on the basis of speculated futility. *See Stanley v. Ayers,* C-07-4727 (N.D. Cal. 2018), ECF Dkt. No. 295; *Taylor v. King*, 2012 WL 7145708 (C.D. Cal. 2012).

3. **Dilatory**

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Petitioner has not been dilatory. The parties have regularly conferred and proposed scheduling orders relating to the ongoing litigation in *Ashmus* in both federal and state court. *See, e.g.*, Dkt. No. 252. Pursuant to the Court's order, within 42 days of the final adjudication of the proceedings in *In re Troy Ashmus*, No. SC015661A, the parties submitted a joint case management statement regarding petitioner's remaining claims. *Id.* I discern no basis to conclude that petitioner has engaged in dilatory litigation tactics.

## CONCLUSION

For the above-mentioned reason, petitioner's motion is for a stay is **GRANTED**. Petitioner's proceedings, including the adjudication of claims N and X, are stayed pending the

completion of petitioner's exhaustion proceedings. The hearing set for December 14, 2022, is **VACATED**.

Petitioner is directed to file his state exhaustion petition within sixty days of the date of this Order. One hundred and twenty days after the entry of this Order, and every ninety days thereafter until his state proceedings are terminated, petitioner shall file a brief report updating the court on the status of his state habeas action. No later than thirty days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

**IT IS SO ORDERED.**

Dated: December 7, 2022



William H. Orrick
United States District Judge